## County Amusement Co. v. Sun Drug Co., Inc.

*Gleason & Krumenacker*, for plaintiff.

*Earl F. Glock* and *Reed, Smith, Shaw & McClay*, for defendant.

GRIFFITH, P. J., July 14, 1965.—Defendant filed preliminary objections to a complaint in equity and asserted that the cause of action alleged in the complaint is one for which plaintiff has a full, complete and adequate remedy at law.

The complaint sets forth that plaintiff is the owner of a plot of ground in Lower Yoder Township upon which is erected the Westwood Shopping Plaza and that on August 14, 1962, plaintiff, as lessor, and defendant, as lessee, entered into a written lease relating to a storeroom in said shopping plaza which provided in part as follows:

"Article IX—Use of Premises . . .

"2. Lessee covenants and agrees that the demised premises shall not be abandoned or left vacant and shall be used and occupied as follows:

"(a) To keep the demised premises continuously and uninterruptedly open for business at least from 12:00 noon to 9 p.m. of each business day, and to keep same, including display or show windows and the canopy thereof, fully illuminated from dusk to approximately 9:30 p.m. of each business day, unless prevented from doing so by strikes, fire, casualty or other causes beyond Lessee's control."

The complaint further avers that on March 15, 1965, defendant abandoned the premises, did not keep its store open for business during the prescribed hours nor illuminate its display and show windows until 9:30 p.m. Plaintiff charges that it will be irreparably damaged as the owner of the shopping center because of the adverse publicity resulting from the closing of defendant's drug store and because plaintiff induced other tenants to come into the shopping center as a result of the presence of defendant on the premises. The relief demanded is that defendant be ordered to keep the leased premises open for business during the hours prescribed by the lease and keep the display and show windows and canopy illuminated until 9:30 p.m. of each business day.

The lease is for a 20-year term at a minimum rental of $15,000 a year, payable at $1,250 per month. If the averments of the complaint are true, plaintiff

may well have a good cause of action against defendant for a breach of the lease agreement but we are satisfied it has an adequate remedy at law.

Plaintiff insists that defendant has agreed, by the terms of the lease, to operate the drug store for the entire term of the lease. It is true that article IX, section 2 of the lease provides that lessee shall not abandon or leave vacant the demised premises and that they shall be kept open uninterruptedly from noon to 9 p.m. of each business day and that the display or show windows and canopy shall be illuminated from dusk to 9 p.m. but we cannot read into this provision an implication that lessee has agreed to do these things for the whole 20-year term of the lease, even though lessee is obligated to pay the rental for this period.

Article XXII provides that in case of lessee's default, lessor may, after 15 days notice, "declare all the minimum rent reserve for the full term of this lease remaining unpaid due and payable at once."

Article IX, section 2, does provide that lessee shall not abandon the premises and shall keep the premises open uninterruptedly between certain hours. This provision and the other sub-paragraphs of the same article establish a criterion to which lessee must adhere during the time it operates its drug store on plaintiff's premises. It will be noted that the third section of the same article provided that lessee should continuously operate its business on the premises "throughout the term of this lease." This provision was deleted by the parties before the lease was executed. The fifth section of the same article provided that lessee shall join and maintain membership in any tenants' business association sponsored by the shopping center. This provision was also deleted by the parties before the lease was executed. The fact that these provisions were deleted from the lease and the fact that there is no provision elsewhere in the lease that lessee shall use and

occupy the premises during the entire term of the lease, leads us to the conclusion that there was no intention of requiring lessee to use and operate the premises continuously and uninterruptedly during the 20-year period.

We think the following consideration makes unambiguously clear our finding that lessee did not, by promising not to abandon or vacate the leased premises and to keep them open during the usual business hours, agree to occupy the store room during the entire period of the lease.

Article XX of the printed lease prohibited an assignment or sublease by lessee without the written consent of lessor. This provision was deleted by the parties and a rider was substituted. The rider permitted lessee to assign or sublet the whole or any part of the premises without lessor's consent, provided that, if the lease was assigned or sublet without lessor's consent, lessee was not to be released from its obligations under the lease. The rider plainly negatives plaintiff's contention that lessee agreed that it would, itself, occupy the leased premises during the term of the lease. Nor may lessee be required by injunction to do so. If lessee does not continue to pay the agreed rental or the difference between the agreed rental and the amount paid by any subtenant, plaintiff may recover the rental or the difference between the amount of rent paid and the amount stipulated in the lease by an action at law. The complaint will not be dismissed but will be certified to the law side of the court and plaintiff given the right to amend, if deemed necessary.

The case of Dover Shopping Center, Inc. v. Cushman's Sons, Inc., 63 N.J. Super. 384, 164 A. 2d 785, is not in point. In that case the tenant agreed to operate and occupy the leased premises for the whole term of the lease.

We believe plaintiff has an adequate remedy at law

in an action for damages caused by the breach of any of the covenants contained in its lease.

Defendant's preliminary objections must be sustained and the action certified to the law side of the court.

We therefore enter the following:

### DECREE

And now, July 14, 1965, defendant's preliminary objections are sustained, the action is certified to the law side of the court, and plaintiff is given 20 days after notice of the filing of this decree within which to amend if deemed necessary.